IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LUSIK,** : | |
| Petitioner, : | |
| : | |
| v. : | No. 13-2627 |
| : | |
| **WARDEN DEB K. SAUERS, et al.,** : | |
| Respondents. : | |
| : | |

## ORDER

**AND NOW**, this 30th day of July, 2014, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, and Petitioner's objections, we find as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1. On January 18, 1995, Petitioner, David Lusik, was convicted of deviant sexual intercourse and other related offenses, and was sentenced to an aggregate term of eleven-to-thirty years of imprisonment. Based on testimony from the five and six year old victims, the jury found Petitioner guilty of engaging in forcible oral sex with the daughters of his then-girlfriend while the victims' mother held their mouths open.

2. Petitioner has been denied parole on five separate occasions, the first time on May 26, 2005. The Parole Board listed the following reasons for Petitioner's first denial:

    − Your version of the nature and circumstances of the offense(s) committed.
    − Your refusal to accept responsibility for the offense(s) committed.
    − Your lack of remorse for the offense(s) committed.
    − The recommendation made by the Department of Corrections.
    − Your unacceptable compliance with prescribed institutional programs.
    − Your institutional behavior, including reported misconducts or CCC failure.
    − Your interview with the hearing examiner.

(Commonwealth Answer ¶ 7 (Doc. 11)). The Parole Board cited similar reasons for his second denial on April 26, 2007. (Id. ¶ 8). On May 6, 2010, Petitioner was denied parole for a third time for the following reasons:

- Your need to participate in and complete additional institutional programs;
- Your institutional behavior, including reported misconducts;
- The negative recommendation made by Department of Corrections;
- Your failure to demonstrate motivation for success; and
- Your refusal to accept responsibility for the offense(s) committed.

(Id. at ¶ 11). Petitioner was denied parole again on July 6, 2011. In addition to most factors listed above, the Parole Board cited assessments that had "indicat[ed] [Petitioner's] risk to the community." (Id. ¶ 19). Most recently, Petitioner was denied parole again on August 13, 2013, for the same reasons. (Id. ¶ 21). Petitioner will be reviewed again for parole in 2015.

3. As Magistrate Judge Rice explained in his Report and Recommendation, this habeas petition is deemed filed on May 5, 2013. In it, Petitioner claims that (1) denial of parole violated of his Fifth Amendment right against self-incrimination and (2) the Parole Board violated the Ex Post Facto Clause by denying him parole based on amendments to parole and sex offender statutes that were enacted after his conviction and sentencing. In addition, Petitioner has filed several motions seeking discovery and other relief.

## DISCUSSION[1]

4. Magistrate Judge Rice recommends we not dismiss the petition on procedural grounds, despite the Commonwealth's argument that Petitioner's claims are unexhausted and moot. (Report and Recommendation at p. 4-5). Because neither the Commonwealth nor

---

[1] We review *de novo* those parts of Magistrate Judge Rice's Report and Recommendation to which Petitioner has objected. 28 U.S.C. § 636 (b)(1).

Petitioner has objected to this recommendation, we will proceed with reviewing the merits of Petitioner's arguments.

5. Petitioner has objected to the Report and Recommendation on six grounds: (1) Magistrate Judge Rice is biased against Petitioner and has a conflict of interest because of an ongoing civil action in which Petitioner claims Judge Rice is a material witness; (2) Magistrate Judge Rice failed to rule on three subsequent motions since the filing of his original petition; (3) Requiring Petitioner to complete a sex offender treatment program contingent upon his admission of guilt in order to be recommended for parole violates his Fifth Amendment right against self-incrimination because he is maintaining his innocence and believes it impacts his current civil litigation; (4) The Parole Board violated the Ex Post Facto Clause when denying him parole because standards were allegedly used from statutes enacted subsequent to Petitioner's conviction; (5) Due process, retaliation, stigma, abuse, cruel and unusual punishment, and equal process; (6) Petitioner requests documents, discovery, evidentiary hearing, and appointment of counsel. (See Doc. 25 ¶¶ 1-6).

**OBJECTION: BIAS**

6. A motion charging bias is governed by 28 U.S.C. § 144, which permits a party to file an "affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." The factual basis for Petitioner's objection is Judge Rice's involvement in preparing a report and recommendation for Petitioner's previous unsuccessful habeas petition, as well as Judge Rice's supposed status as a "material witness" in a civil case filed by Petitioner. It is not clear what

information Petitioner believes Judge Rice to have, and it seems unlikely that Judge Rice will actually be called upon to provide testimony.[2]

7. In any event, Petitioner's charge of bias, made only after receiving an unfavorable Recommendation from Judge Rice, is untimely. Motions under 28 U.S.C. § 144 must be made "not less than ten days before the beginning of the term at which the proceeding is to be heard," unless there is good cause for the delay. Petitioner's wait-and-see approach fails by this metric. See United States v. Rosenberg, 806 F.3d 1169, 1173 n.3 (3d Cir. 1986) ("A disqualification motion filed after trial and judgment is usually considered untimely unless good cause can be shown for the delay, for otherwise a party alleging bias would always await judgment in the hopes of a favorable decision."). This objection is overruled.

**OBJECTION: VIOLATION OF THE FIFTH AMENDMENT**

8. Petitioner objects to Magistrate Judge Rice's conclusion that being required to admit guilt as part of a sex offender treatment program does not violate his Fifth Amendment right against compelled self-incrimination. We agree with the Report and Recommendation that Petitioner has failed to show the level of pressure placed on him to admit his guilt rises to the level of unconstitutional compulsion. Petitioner must be able to show that the penalties flowing from his refusal to admit his guilt are so severe as to "compel [him] to speak about his past crimes despite a desire to remain silent."

---

[2] Petitioner has filed a lot of cases, most if not all of which have been dismissed at the pleading stage. As one district judge opined, Petitioner appears to be a "frequent filer who is attempting to waste the time of the federal courts by suing any individual who has ever been a part of his criminal case." Lusick v. City of Phila, No. 12-cv-5150, doc. no. 35; see also Lusick v. City of Phila., 549 Fed. Appx. 56, 58 n.6 (3d Cir. 2013) ("Lusick has continued in this Court his practice of filing numerous frivolous motions.")

McKune v. Lile, 536 U.S. 24, 36 (2002). Consequences that "merely alter the degree of comfort or freedom that an inmate is afforded, within the context of his confinement, but otherwise remain within the permissible bounds of the inmate's prescribed sentence," do not amount to compulsion. Roman v. DiGuglielmo, 674 F.3d 204, 214 (3d Cir. 2012). On the other hand, consequences that "strike at the core of an inmate's recognized entitlements, which may threaten his bodily safety, or impose additional punishment beyond which has already been implemented by a fair judicial process, do constitute impermissible compulsion." Id.

9. The Third Circuit has concluded, under nearly identical circumstances, that the repeat denial of parole for refusal to participate in a sex offender treatment program requiring an admission of guilt is not a severe enough consequence to constitute compulsion. Id.; see also Thorpe v. Grillo, 80 Fed. Appx 215, 219-20 (3d. Cir. 2003) (finding no unconstitutional compulsion where refusal to admit guilt "did not extend [inmate's] term of . . . incarceration or automatically deprive him of consideration for parole"). Petitioner's refusal to admit his guilt has not increased the term of imprisonment to which he was lawfully sentenced. At most, it has eliminated Petitioner's chance for early release on parole, a benefit to which he has no right or entitlement under Pennsylvania law. The choice between maintaining his innocence and participating in a program that might offer a chance of early release may be a difficult one, but it is not one that "compel[s]" him to speak in a constitutional sense, at least not in the context of a "prison program designed to further Pennsylvania's legitimate interest in rehabilitating inmates who have been convicted of sexual offenses." Roman, 674 F.3d. at 215. Accordingly, Petitioner's objection is overruled.

**OBJECTION: VIOLATION OF THE EX POST FACTO CLAUSE**

10. Petitioner next objects on ground that the Parole Board violated the Ex Post Facto Clause (U.S. Const. art. I § 10, cl. 1) by applying two parole statutes that were enacted after the acts that lead to his conviction. See 61 Pa. C.S. § 6101 et seq.[3] (parole statute amended to make public safety a primary concern of the parole board when reviewing early release of inmates); 42 Pa.C.S.A. § 9718.1(a) (a convicted sex offender "shall not be eligible for parole unless the offender has… participated in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders").

11. In order for Petitioner to succeed on his Ex Post Facto claim he must demonstrate that: (1) there was a change in law or policy which has been given a retrospective effect and, (2) that he was specifically disadvantaged by the change. Richardson v. Pennsylvania Bd. Of Probation and Parole, 423 F.3d 282, 287-88 (3d Cir. 2005). Satisfying both prongs of an Ex Post Facto claim has proved exceedingly difficult for parole seekers, because parole boards generally are given vast discretion in implementing parole policies, and "have the capacity, and the obligation, to change and adapt based on experience." Garner v. Jones, 529 U.S. 244, 253 (2000).

12. The Third Circuit set a high bar for a successful Ex Post Facto claim in the parole context in Mickens-Thomas v. Vaughn, a case in which a petitioner was able to prove that the 1996 amendments to the parole statute had in fact worked to his disadvantage. 321 F.3d 374 (3d Cir. 2003). To do so, the petitioner presented detailed statistical evidence of parolees before and after the 1996 parole statute was amended, and was able

---

[3] As Judge Rice noted in his Report and Recommendation, the 1996 Parole Act at 61. P.S. § 331.1 et seq., has since been repealed and replaced by the Prisons and Parole Code at 61 Pa. C.S. § 6101 et seq. The new code, however, is substantially the same as the Parole Act.

to prove he would have been paroled under the prior statute. Id. at 385. Specifically, the petitioner pointed out that all 266 similarly situated inmates were paroled prior to the 1996 amendment, but that he had been denied parole following the amendment. Id. In contrast, the Third Circuit found no Ex Post Facto violation where a parole board denied an inmate parole for several reasons not related to public safety (the focus of the amended parole statute) and the inmate was unable to show "the degree to which the 1996 amendments impacted [his] parole determination." Richardson v. Pennsylvania Bd. of Probation and Parole, 423 F.3d 282, 293 (3d Cir. 2005).

13. Petitioner's case is most analogous to Richardson, in that there were a multitude of factors for his parole denial, many of which raise no Ex Post Facto issues. Magistrate Judge Rice correctly explained that Petitioner has failed to meet his burden to show that there is a likelihood he would have been paroled under the pre-1996 parole statute. Indeed, Petitioner has not presented any evidence to that effect. As such, we overrule Petitioner's objection.[4]

**MOTIONS**

14. Petitioner has filed six motions since his initial habeas petition. We discuss only one of them, as the rest are either frivolous or irrelevant to the issues raised in the petition.[5] The remaining motion we interpret as seeking documents related to his Ex Post Facto claim (a request seeking any other documents would be meritless). To obtain discovery in support of a habeas petition, the petitioner must be able to show "good cause" for the request, which may be shown by specific factual allegations that would entitle him or

---

[4] Petitioner's blanket objection to the Report and Recommendation "on grounds of due process, retaliation, stigma, abuse, cruel and unusual punishment, [and] equal process [sic]" are overruled because Petitioner has failed to provide any basis for them.

[5] Doc. Nos. 4, 7, 16, 17, 21, and 24.

her to relief if fully developed. Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). Here, petitioner has not provided such allegations, and is thus not entitled to discovery or an evidentiary hearing. See Richardson, 423 F.3d at 295 (no evidentiary hearing needed where Petitioner "provided no evidence, and for that matter… proffered no allegation, that [he faced] a 'significant risk' of increased punishment"). For these reasons, we adopt the Report and Recommendation in full, overrule Petitioner's objections, and deny all pending motions.

**WHEREFORE**, it is hereby **ORDERED** that:
- The Report and Recommendation is **APPROVED** and **ADOPTED**;
- The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**;
- Petitioner's motions for documents, discovery, an expansion of the record, an evidentiary hearing, and appointment of counsel (Doc. No. 4, 5, 7, 16, 17, 21) are **DENIED**
- There is no probable cause to issue a certificate of appealability; and
- The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

_____

**MITCHELL S. GOLDBERG, J.**